*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re DRIVER, Minors.

UNPUBLISHED
March 23, 2023

No. 363303
Berrien Circuit Court
Family Division
LC No. 2021-000039-NA

Before: M. J. KELLY, P.J., and JANSEN and CAMERON, JJ.

PER CURIAM.

Respondent[1] appeals as of right the order terminating her parental rights to her minor children, RD, ND, MD, and LD, under MCL 712A.19b(3)(c)(*i*) (conditions of adjudication continue to exist) and (j) (reasonable likelihood that the children will be harmed if returned to the parent). Respondent argues that termination was improper because the Department of Health and Human Services (DHHS) failed to expend reasonable efforts at reunification. We disagree, and therefore, affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

In 2021, law enforcement discovered the children living in deplorable conditions—their home was covered in trash, the utilities were turned off, and they had minimal food. The children were dirty and inappropriately dressed. One child was found walking barefoot through an area covered in broken glass. Officers learned respondent would leave the children unsupervised for several days, returning only to bring them food.

DHHS filed a petition asking the trial court to take jurisdiction over the children. After taking jurisdiction over the children and placing them in foster care, the trial court ordered respondent to participate in a case service plan. The case service plan outlined a number of services, including, among other things, housing assistance, parenting classes, and a mental health evaluation and treatment. Respondent only minimally participated in the plan. As a result, the

---

[1] The children's father was also a respondent in the trial court proceedings. Although the trial court terminated the father's parental rights, he is not a party to this appeal.

-1-

trial court ordered DHHS to file another petition to terminate respondent's parental rights. The trial court later found statutory grounds for termination and that termination was in the children's best interests. This appeal followed.

## II. REASONABLE EFFORTS

Respondent argues the trial court erred in terminating her parental rights. In her view, DHHS failed to expend reasonable efforts at reunification because it did not provide her housing assistance. We disagree.

## A. PRESERVATION AND STANDARD OF REVIEW

To preserve an objection to the services in a case service plan, a respondent must object at the time the services are offered. *In re Frey*, 297 Mich App 242, 247; 824 NW2d 569 (2012), quoting *In re Terry*, 240 Mich App 14, 27; 610 NW2d 563 (2000) ("The time for asserting the need for accommodation in services is when the court adopts a service plan."). Respondent never specifically objected to DHHS's plan for housing assistance. Therefore, this issue is unpreserved for our review.

We usually review the trial court's findings regarding reasonable efforts for clear error. *In re Fried*, 266 Mich App 535, 541-543; 702 NW2d 192 (2005). However, because these issues are unpreserved, our "review is . . . limited to plain error affecting substantial rights." *In re Utrera*, 281 Mich App 1, 8; 761 NW2d 253 (2008). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *In re VanDalen*, 293 Mich App 120, 135; 809 NW2d 412 (2011) (quotation marks and citation omitted). "Generally, an error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *In re Utrera*, 281 Mich App at 9.

## B. LAW AND ANALYSIS

"Under Michigan's Probate Code, [DHHS] has an affirmative duty to make reasonable efforts to reunify a family before seeking termination of parental rights." *In re Hicks/Brown*, 500 Mich 79, 85; 893 NW2d 637 (2017). "As part of these reasonable efforts, [DHHS] must create a service plan outlining the steps that both it and the parent will take to rectify the issues that led to court involvement and to achieve reunification." *Id*. at 85-86. Although "[DHHS] has a responsibility to expend reasonable efforts to provide services to secure reunification, there exists a commensurate responsibility on the part of respondents to participate in the services that are offered." *In re Frey*, 297 Mich App at 248. To prove a claim of lack of reasonable efforts, a respondent must show that he or she would have fared better had DHHS offered other services. *In re Fried*, 266 Mich App at 543.

Respondent argues on appeal that the reason the children were removed from her care was because she lacked appropriate housing. She believes she "should have been given proper housing, and not referrals to places who would not rent to a convicted criminal or to an evictee." In making this argument, it seems respondent believes it was DHHS's responsibility to provide housing and that if she were provided appropriate housing the children would have returned to her care.

There is no merit to respondent's claim. DHHS is simply not obligated to provide housing before seeking termination of parental rights and respondent does not identify any support for this contention. Even so, housing assistance was among the services offered to respondent by DHHS under the case service plan, yet there is no evidence in the record respondent ever endeavored to use this service. Indeed, the record is replete with respondent's refusals to engage in the case service plan. Respondent had an obligation to participate in the case service plan, which she did not do. *In re Frey*, 297 Mich App at 248. Moreover, housing was not the only barrier to reunification and respondent's arguments on appeal do not explain her failure to participate in other aspects of the case service plan. Respondent does not show any error warranting our reversal of the order terminating her parental rights to the children.[2]

Affirmed.


/s/ Michael J. Kelly
/s/ Kathleen Jansen
/s/ Thomas C. Cameron

---

[2] Respondent did not raise the issues whether there existed statutory grounds for termination or whether termination was in the children's best interests. Nonetheless, having reviewed the record, we conclude that the trial court did not clearly err by finding that there existed statutory grounds for termination or that termination was in the children's bests interests.